Caruthers, J.,
delivered the opinion of the Court.
The defendant is sued as acceptor of a draft or bill, which reads as follows:
“ $1,145.08. Nashville, August 10, 1854. Twelve months after date, pay to the order of Scott, Baker & Co., eleven hundred and forty-five and 08-100 dollars, value received, and place to account of
“ BOWLING & WHELESS.
“To Messrs. Bowling & Bandy.
“Accepted August 19, ’54.”
*199 ' This draft was drawn by Robert P. Bowling, of the firm of Bowling & Wheless, and was accepted for accommodation by George S. Bowling, of the firm of Bowling & Bandy. It was drawn and used for,the payment of a note, for that amount, then held by the plaintiffá against the drawers, for goods.
By the law of partnerships, each partner is the authorized agent of the firm, and may bind it in all matters in the scope and range of the business in which it is engaged, but not beyond this, except by some express or implied authority. In a mercantile partnership, one partner has not the power to bind the others by any note, endorsement, or acceptance, in any transaction unconnected with the partnership business, and known to be so by the party taking it; nor for his own debt. Story on Part., p. 208, note, cited in Bank of Tennessee v. Saffarans, 3 Hum., 610. Such fact itself raises a presumption of want of authority, and is a fraud upon the other members by both parties. See same au-thorjties.
It is no part of the business of a mercantile firm, to draw, accept, or endorse the papers of neighbors, for accommodation; no such thing is presumed to be contemplated by the parties in the formation of a partnership for trade, and consequently the power to do such acts is not communicated to any of the members, without express stipulation, and the firm is not bound, except by antecedent or subsequent sanction. But the proof of approval and ratification may be presumptive. That one member was in the habit of extending these accommodations to others, in the firm name, with approbation, or without dissent, would be sufficient evidence of au *200 thority, and all would be bound. This does not result from the fact of partnership, but presumed assent, from such general course of dealing.
It will be readily seen from these general principles that the defendant is not liable in this case as a member of the firm of Bowling & Bandy, unless it can be established by proof, positive or presumptive, that the act of acceptance by his partner, was authorized or sanctioned by him.
This is attempted to be done by proving what he said, as to his authority from his partner, and also by his own deposition. This evidence was rejected by the Court as inadmissible, and that is tbe error relied upon for reversal. There is no question' but that the action must fail, if this proof is incompetent. The acceptance was by Bowling, in 'the name of Bowling & Bandy, for the accommodation of Bowling & Wheless, not in the presence of Bandy, and without any evidence of his authority or sanction, either express or implied, except what is contained in the rejected deposition. There is no controversy as to the existence of the partnership at the date of the acceptance. To prove that, was not the object of introducing the partner, Bowling. Eor that purpose he would have been clearly incompetent, by all the authorities. But it is just as clear, that, if that was admitted or proved by others, he could be called to prove the “justice of the plaintiff’s demand.” Vanzant v. Kay, 2 Hum., 106. But what does that mean ? The fact in that case, which it was held he was competent to prove, was that the note, to which he signed the name of the firm, was for a just amount against it, and so the demand against the firm was just, and should be *201 a • charge upon all the members, because it was made by a partner in the business . of the . firm. Whether even that position can be reconciled to the decision in Foster v. Hall & Eaton, 4 Hum., 354, may be questioned. The same rule would extend to proof of the justice of an account, or other proper demand, arising out of the firm business.
But the matter to he proved here by a partner was, that an act done outside of the firm business, and an obligation created by him in the name of the firm, was authorized or ratified by the other member. Not the “justice of the demand,” but the existence of it as' against his partner. Can he prove that ? The case of Vanzant v. Kay does not extend to that question.
The proposition is to prove by one partner that an obligation created by him in the name of the firm, not within the scope of its business, was authorized or adopted by the other member, so as to create a joint and several liability. We are aware of no case that would authorize this. He is solely liable, and the effect of his evidence for the plaintiff, would be- to cast it all upon the shoulders of another, in the first instance, and one half, ultimately, and in any event. There can be no principle that would authorize this. It is not to establish an existing demand against the firm, originating in the course of its legitimate 'operations, as in the case of Yanzant, but to establish a new and distinct authority for an unauthorized act of his own, deleterious to the firm, and binding alone upon himself, without this evidence.
This is more analogous to the case in 4 Hum., 449, where one joint maker of a note was held incompetent *202 witness against the other to prove the making of the note.
Some other points are made upon the charge of the Court, hut they are not seriously pressed as grounds for reversal, and need not he noticed. It is very manifest that without the excluded evidence the plaintiff could not have succeeded in making the defendant liable.
Let the judgment be affirmed.